[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 5, 2008
THOMAS K. KAHN
CLERK

No. 07-13975

_____

D. C. Docket No. 04-01120 CV-WSD-1

JONATHAN MILLER,

                                        Petitioner-Appellant,

                        versus

MICHELLE MARTIN,
Warden of Phillips State Prison,

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(May 5, 2008)**

Before TJOFLAT and MARCUS, Circuit Judges and VINSON,* District Judge.

PER CURIAM:

_____

  *Honorable C. Roger Vinson, United States District Judge for the Northern District of
Florida, sitting by designation.

Petitioner is a Georgia prison inmate, serving a life sentence for felony murder. After the Supreme Court of Georgia affirmed his conviction, Miller v. State, 571 S.E. 2d. 788 (Ga. 2002), and the Supreme Court of the United States declined to issue a writ of certiorari, he petitioned the United States District Court for the Northern District of Georgia for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He presented six claims for relief. The district court referred the petition to a magistrate judge. After the State responded to the petition, the magistrate judge, relying on the record of the proceedings before the superior court that handled petitioner's prosecution, the briefs presented to the Supreme Court of Georgia on appeal, and that court's decision, issued a Report and Recommendation ("R & R") recommending that the district court deny the writ.

On February 26, 2007, the district court, after considering and overruling petitioner's objections to the R & R, issued an Opinion and Order, which adopted the R & R with supplementation, denying the writ. Petitioner moved the court for reconsideration of its decision, and, on August 20, 2007, the district court entered an order denying his motion. The order granted petitioner a certificate of appealability ("COA") on the following issues:

> 1. Did Georgia violate [petitioner's] Fifth Amendment due process rights or Eighth Amendment right to be free from cruel and unusual punishment when the Superior Court assumed jurisdiction of the

aggravated assault and aggravated battery charges without a transfer hearing in the juvenile court, and, if constitutional error occurred, was it harmful?

2.  Did the pre-trial publicity in [petitioner's] case, including the occurrence of the Columbine school shooting incident shortly before his trial, create a constitutionally unfair atmosphere for his trial such that it was a violation of [petitioner's] due process rights for the court to deny his motions for continuance and change of venue?

3.  Did Sandstrom error at [petitioner's] trial violate his due process rights by allowing him to be convicted of felony murder when: 1) the jury made no specific finding as to which underlying felony they used as a predicate for the felony murder conviction; and 2) the jury charge for one of the underlying felonies (aggravated assault) was constitutionally defective?

4.  Is [petitioner's] claim that his sentence violates the Eighth Amendment adequately preserved for review, and, if so, does the sentence of life with the possibility of parole constitute cruel and unusual punishment when levied against a 15-year old who caused a death but was not proven to have an intent to kill or injure seriously the victim?

After hearing oral argument on these issues, we are convinced that the district court resolved these issues correctly, and we agree with the reasoning the court employed in doing so.[1]

The judgment of the district court is, accordingly,

---

[1] The district court resolved the issues cited in the COA in the following portions of its Opinion and Order: the first issue, at pages 7-12; the second issue, at pages 12-22; the third issue, at pages 22-34; the fourth issue, at pages 34-46.

**AFFIRMED.**